IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Ronald Gary, #182864,

Plaintiff,

v.

South Carolina Dept. of Corrections; and Ms. Hughes, RN,

Defendants.

C.A. No.: 4:06-2185-PMD-TER

**ORDER**

On August 1, 2006, *pro se* litigant Ronald Gary ("Plaintiff" or "Gary") brought an action for damages pursuant to 42 U.S.C. §1983 against the South Carolina Department of Corrections ("SCDC") and Ms. Hughes, a registered nurse employed by the SCDC at the Wateree Correctional Institution ("WCI"). Plaintiff alleged that he noticed "bumps" on his body while temporarily incarcerated at Kirkland Correctional Institution ("KCI"). Although he told the medical staff at KCI about the bumps, he was not treated until after he was transferred to WCI two days later. While at WCI, he was diagnosed with "spider bites" and was prescribed antibiotics. He alleges that the SCDC's negligent failure to promptly treat the bites caused permanent scarring on his face and legs.

The record contains a report and recommendation ("the R&R") of United States Magistrate Judge Thomas E. Rogers, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). In his R&R, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915A, for seeking monetary relief from defendants who are immune from such relief.[1] A party may object, in writing,

[1] 28 U.S.C. § 1915A states,
**(a) Screening**. --The court shall review, before docketing, if feasible or, in any event,

to a R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

## STANDARD OF REVIEW

### A. The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B. 28 U.S.C. § 1915A – Failure to State a Claim

Dismissals under 28 U.S.C. § 1951A for failure to state a claim require the same standard of review as dismissals under Rule 12(b)(6). *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002); *Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *Davis v. District of Columbia*, 158 F.3d

---

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

**(2)** seeks monetary relief from a defendant who is immune from such relief.

1342, 1348 (D.C.Cir. 1998). Under this well-known standard, the court should not dismiss a complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Roads Regional Jail,* 407 F.3d 243, 248 (4th Cir. 2005); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). "Moreover, when such a dismissal involves a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. United States Postal Serv.,* 840 F.2d 1149, 1152 (4th Cir. 1988).

**DISCUSSION**

The Magistrate Judge correctly noted that the Eleventh Amendment to the United States Constitution divests this court from jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. (R&R at 2.) Therefore, the South Carolina Department of Corrections, as an agency of the State of South Carolina, is immune from suit in federal court. (R&R at 2.) For this reason, the Magistrate Judge recommended that the SCDC be summarily dismissed from this action. Plaintiff does not object to this recommendation. (Objections at 1.)

The Magistrate Judge further noted that Plaintiff's Complaint alleged no malfeasance on the part of Nurse Hughes. According to the Complaint, Hughes, who was employed at WCI, not KCI, was not involved in the events that gave rise to Plaintiff's injuries. The Magistrate Judge found that the Complaint, even construed liberally, failed to state a cause of action against Hughes. For this reason, the Magistrate Judge recommended that the cause of action against Hughes be dismissed.

Again, Plaintiff does not object to this recommendation. (Objections at 1.)

Plaintiff asserts that his failure to name a viable defendant was an "inadvertent error" caused by his "lack of knowledge with regard to the overall structure of S.C.D.C." (Objections at 3.) Plaintiff now asks the court to allow him to amend his Complaint to assert a cause of action against the "Warden/Director, its medical staff, as well as the Corrections Officers at Kirkland" who, he alleges, should be held accountable to Plaintiff for the injuries he sustained due to their negligent failure to provide prompt medical treatment. (Objections at 3.) The court finds, however, that allowing such an amendment would be futile. Regardless of who Plaintiff names as a defendant in this case, the Complaint must be dismissed for failing to state a cause of action under 42 U.S.C. § 1983.

In order to state an action under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendants deprived him of a federal right, and (2) did so under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prove a claim of deliberate indifference to a serious injury, a plaintiff must show that the prison personnel's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass*, 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 831-34 & n. 2 (1994)) (emphasis added). In this case, the facts as alleged in the Complaint are clearly insufficient to

[2] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

support a claim of deliberate indifference. Spider bites are not a serious illness or injury and the alleged failure to promptly treat the bites did not "result[] in denial of the minimal civilized measure of life's necessities." *Id.* The Complaint also does not allege that KCI personnel acted with the requisite culpable state of mind. At most, the Complaint supports only a state law claim that KCI personnel were negligent in failing to promptly treat Plaintiff's minor injury. It is a well settled rule of law that claims of negligence do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986).

For the aforementioned reasons, the court denies Plaintiff Ronald Gary's request to name new defendants to his Complaint, and dismisses this matter without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 21, 2006.**

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.